### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOLOMON PANICKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-15-1034-M |
| | ) |
| COMPASS GROUP U.S.A. INC., d/b/a | ) |
| EUREST DINING SERVICES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is defendant's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), filed July 22, 2016. On August 4, 2016, plaintiff filed his response. Pursuant to this Court's August 26, 2016 Order, on September 9, 2016, defendant filed its Brief Regarding Equitable Tolling, and on September 16, 2016, plaintiff filed his response. Based upon the parties' submissions, the Court makes its determination.

On September 21, 2015, plaintiff filed the instant action, and on October 27, 2015, filed an Amended Complaint. On November 30, 2015, defendant filed a motion to dismiss. On January 25, 2016, based upon plaintiff's failure to respond to defendant's motion, the Court deemed defendant's motion to dismiss confessed and dismissed this action. On January 28, 2016, plaintiff filed a Request to Grant Grace Period for Reinstatement of Case No. CIV-15-1034-M. On June 13, 2016, the Court granted plaintiff's request and reopened this case to allow plaintiff to file a Second Amended Complaint.

On July 8, 2016, plaintiff filed his Second Amended Complaint, alleging a claim under Title VII of the Civil Rights Act of 1964. Defendant now moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiff's Second Amended Complaint. Specifically, defendant

asserts that this action should be dismissed because plaintiff failed to file this action within the applicable statute of limitations.

A party has ninety (90) days from the date he receives the right to sue notice from the Equal Employment Opportunity Commission ("EEOC") to file his lawsuit. *See* 42 U.S.C. § 2000e-5(f)(1); *Noe v. Ward*, 754 F.2d 890, 892 (10th Cir. 1985). The Tenth Circuit, however, has held that the time limits contained in Title VII are subject to equitable tolling. *See Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984); *Johnson v. United States Postal Serv.*, 861 F.2d 1475, 1480 (10th Cir. 1988). Specifically, the Tenth Circuit has found:

> the time limits contained in Title VII will be tolled only where the circumstances of the case rise to a level of "active deception" sufficient to invoke the powers of equity. For instance, equitable tolling may be appropriate where a plaintiff has been lulled into inaction by her past employer, state or federal agencies, or the courts. Likewise, if a plaintiff is actively misled, or has in some extraordinary way been prevented from asserting his or her rights, we will permit tolling of the limitations period.

*Martinez*, 738 F.2d at 1110 (internal quotations and citations omitted).

Based upon the parties' submissions and the pleadings filed in this case, the Court finds that plaintiff filed an EEOC charge on September 20, 2013. On February 12, 2014, the EEOC mailed a right to sue notice to plaintiff at an incorrect address.[1] Plaintiff did not receive this notice. On June 4, 2014, the EEOC sent a letter to plaintiff, at his correct address, stating that his case had been re-assigned to a different investigator, thereby indicating that plaintiff's EEOC case was still active. After receiving the June 4, 2014 letter, plaintiff contacted the EEOC and was advised that his case

---

[1] Based upon the documents attached to plaintiff's Second Amended Complaint and his response to defendant's motion to dismiss, it appears that while plaintiff provided the EEOC with his correct address (11636 SW 3rd Street), the EEOC incorrectly (perhaps based upon illegible handwriting) sent the right to sue notice to the incorrect address (11686 SW 3rd Street).

was dismissed in February. On July 14, 2015, plaintiffs submitted a request for disclosure with the EEOC. The EEOC approved the disclosure request on September 2, 2015, and provided plaintiff with a copy of the February 12, 2014 letter on September 16, 2015.

Construing the above facts in the light most favorable to plaintiff, the Court finds that plaintiff, through no fault of his own, did not receive the February 12, 2014 letter and could have been misled by the June 4, 2014 letter into believing his EEOC case was still active. However, once plaintiff contacted the EEOC and was advised that his case had been dismissed, any initial confusion caused by the EEOC would have ended. Thus, the Court finds that plaintiff should have filed the instant action within ninety days of being advised that his case had been dismissed. Plaintiff, however, filed the instant action on September 21, 2015, over one year after he was advised that his case had been dismissed.[2] Accordingly, even if equitable tolling did apply under the above circumstances, plaintiff still did not file this action within the statute of limitations and it is, therefore, untimely.

The Court, therefore, GRANTS defendant's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [docket no. 26] and DISMISSES this case.

**IT IS SO ORDERED this 28th day of October, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2]Conservatively, plaintiff would have been advised no later than July 1, 2015.